## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| FLORA NICHOLAS and PAUL GAYTER, in their own right and as next friend of S.G., <br><br> Plaintiffs, <br><br> v. <br><br> WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB and RESORT CORP., RIK BLYTH, and BRYAN HORNBY, <br><br> Defendants. | 2001-CV-0147 |

TO:    Daryl C. Barnes, Esq.
        Douglas C. Beach, Esq.
        James L. Hymes, Esq.

### ORDER REGARDING PLAINTIFFS' MOTIONS TO SEAL

THIS MATTER came before the Court for consideration upon Plaintiffs' Motion For Leave to File Motions Relating to Settlement Under Seal (Docket No. 1145) and Motion To Seal Settlement Conference Transcript (Docket No. 1146). Defendants Wyndham International, Inc., Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth (Wyndham Defendants) and Defendant Bryan Hornby filed combined oppositions to the motions, and Plaintiffs filed a single reply to both oppositions. A

*Nicholas v. Wyndham Int'l, Inc.*
2001-CV-0147
Order Granting Plaintiffs' Motions to Seal
Page 2

hearing was held on October 24, 2007. Daryl C. Barnes, Esq., represented Plaintiffs. Douglas C. Beach, Esq., appeared on behalf of Wyndham Defendants, and Charles S. Russell, Jr., Esq., appeared on behalf of Defendant Bryan Hornby.

Defendants do not oppose the substance of Plaintiffs' motions. Defendants do not desire public disclosure of the settlement negotiations, proceedings, and/or documents in this matter. Defendants' opposition is based upon their opinion that the above-captioned matter has been dismissed and that, therefore, the Court lacks authority or jurisdiction to entertain the said motions.

Having reviewed the written submissions of the parties and heard the arguments of counsel, the Court rejects Defendants' arguments. As Plaintiffs so articulately explain in their Reply, the Order Closing File (Docket No. 1123), entered July 18, 2005, did not dismiss this case nor divest this Court of jurisdiction. Plaintiffs are correct that said order merely administratively closed the file; it did not dismiss the action.

> *"Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository. 'In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application.' In re Arbitration*, 845 F. Supp. at 1028 (S.D.N.Y. 1994). Nor is the power to resurrect reserved to the parties. The court, too, retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate."

*Nicholas v. Wyndham Int'l, Inc.*
2001-CV-0147
Order Granting Plaintiffs' Motions to Seal
Page 3

*Penn W. Assocs. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (quoting *Lehman v. Revolution Portfolio, L.L.C.*, 166 F.2d 389, 392 (1st Cir. 1999) (emphasis added by *Cohen* court)).

Defendants' further argument that the matter was not re-opened within the sixty (60)-day deadline contained in the said Order Closing File is unavailing. Such deadline did not mature into a final order of dismissal. The United States Court of Appeals for the Third Circuit has declared that "[a]lthough orders with a built-in timetable may mature into a final decision, they are not entirely self executing. Such orders must still be entered into the docket before they can be considered final orders of dismissal." *WRS, Inc. v. Plaza Entertainment, Inc.*, 402 F.3d 424, 428 (3d Cir. 2005).[1] Under the *WRS* holding, a case

---

[1]The *WRS* Court was confronted with a court order that stated,

"in the event that counsel does not enter an appearance for plaintiff on or before March 15, 2002, the above-captioned action *will be dismissed* without prejudice." App. at 4-5 (emphasis added). No appearance was entered by counsel on behalf of WRS by March 15, 2002. Both parties and the District Court have proceeded on the assumption that because no counsel entered an appearance by March 15, there was a subsequent order entered dismissing WRS' suit. That was obviously the predicate of WRS' Motion to Reopen the proceedings. In addition, the District Court stated in its September 15, 2003 order (denying the Motion to Reopen) that the case had been "dismissed without prejudice." App. at 3. Although we have scoured the docket for this order of dismissal, no such order was ever entered.

*WRS, Inc.*, 402 F.3d at 428.

*Nicholas v. Wyndham Int'l, Inc.*
2001-CV-0147
Order Granting Plaintiffs' Motions to Seal
Page 4

remains administratively closed and, thus, subject to re-opening, until an order conclusively dismissing the case has been entered. It is clear from the record that no such final order of dismissal has been entered in the above-captioned matter.

Based upon the foregoing, the Court finds that it has jurisdiction to hear Plaintiffs' Motions to Seal. Because of the sensitive and confidential nature of the documents and in the absence of any opposition, the Court will grant the said motions.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' Motion For Leave to File Motions Relating to Settlement Under Seal (Docket No. 1145) is **GRANTED**. All further motions relating to the settlement negotiations, proceedings, and documents shall be filed under seal.

2. Plaintiffs' Motion To Seal Settlement Conference Transcript (Docket No. 1146) is **GRANTED**.

3. The Court directs the Clerk of Court to **SEAL** the transcript of the July 15, 2005, settlement conference before Judge Gomez (Docket No. 1124).

ENTER:

Dated: October 24, 2007 /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE