```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN

FLORA NICHOLAS and PAUL       )
GAYTER, in their own right    )
and next of friend of S.G.,   )
                              )
               Plaintiffs,    )    Civil No. 2001-147
                              )
     v.                       )
                              )
WYNDHAM INTERNATIONAL, INC.,  )
WYNDHAM MANAGEMENT CORP.,     )
SUGAR BAY CLUB and RESORT     )
CORP., RIK BLYTH, and BRYAN   )
HORNBY,                       )
                              )
               Defendants.    )
_____)
```

**ATTORNEYS:**

**Daryl C. Barnes, Esq.**
St. Croix, U.S.V.I.
   *For the Plaintiffs.*

**Douglas C. Beach, Esq.**
St. Thomas, U.S.V.I.
   *For the Defendants Wyndham International Inc., Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth.*

**James L. Hymes III, Esq.**
**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
   *For the Defendant Bryan Hornby.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

   Before the Court is the motion of defendant Rik Blyth ("Blyth") for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

   This matter centers on a claim of sexual molestation against

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 2

a hotel employee, his supervisor, the corporation that owns the hotel, the corporation that manages the hotel, and the hotel's parent corporation.  The factual and procedural background of this matter is rather long and tedious.  Facts not relevant to the motion before the Court are thus omitted.

From April 9, 2000 to April 15, 2000, plaintiffs Flora Nicholas, Paul Gayter (the "Adult Plaintiffs") and their nine-year-old daughter, S.G. ("S.G.") (collectively, the "Plaintiffs"), were guests at a large hotel and resort located on St. Thomas known as the Wyndham Sugar Bay.  The Plaintiffs allege that during their stay, a hotel employee named Bryan Hornby ("Hornby") sexually molested S.G. numerous times.  The acts of molestation allegedly occurred in conjunction with S.G.'s participation in the hotel's "Kids Klub," a child-care program for children staying at the Wyndham Sugar Bay.

Besides Bryan Hornby, the Plaintiffs named the following defendants: Wyndham International, Inc. ("WI"), Wyndham Management Corporation ("WMC"), Sugar Bay Club and Resort Corporation ("Sugar Bay"), and Blyth.  WI is a publicly-traded company in the business of developing, owning, and overseeing the operation of hotels bearing the Wyndham name.  WI is the parent company of WMC, which manages the Wyndham Sugar Bay.  The hotel property is owned by Sugar Bay.  WMC manages the hotel pursuant to a management agreement with Sugar Bay.  Blyth, an employee of

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 3

WMC, was the general manager of Wyndham Sugar Bay at the time of the events in question.

In November 1999, approximately six months before the Plaintiffs' trip to St. Thomas, the Wyndham Sugar Bay hired Hornby to coordinate its Kids Klub program. Hornby had learned of the position through Blyth. Blyth already knew Hornby because the two had worked together at the Wyndham Palmas del Mar in Puerto Rico.

During the Plaintiffs' stay at the Wyndham Sugar Bay, S.G. participated in activities through the Kids Klub program. The Plaintiffs returned to their home in Virginia on April 15, 2005. Approximately two weeks later, S.G. told her parents that Hornby had molested her and revealed the details regarding the alleged molestation.

The Plaintiffs reported the alleged molestation to law enforcement officials, and Hornby was arrested in the Virgin Islands on May 2, 2000. Hornby was later tried in the Superior Court of the Virgin Islands and convicted of one count of engaging in unlawful sexual conduct with a minor in violation of 14 V.I.C. § 1708(2). Thereafter, the Plaintiffs brought this action for damages.

The various defendants in this matter, including Blyth, moved for summary judgment as to several counts in the Complaint.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 4

After hearing arguments on Blyth's motions for summary judgment on April 26, 2005, the Court granted summary judgment from the bench. This Memorandum Opinion reduces that ruling to writing.

## II.  DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 5

is a genuine issue for trial." *Id*. In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III.  ANALYSIS

**A.   Count II: Negligent Failure to Protect the Safety of Guests**

In Count II, the Plaintiffs allege that Blyth negligently failed to protect their safety. To prove negligence, a plaintiff must show that the defendant owed him a duty of care, the defendant breached that duty, and the breach proximately caused the plaintiff's injury. *Charleswell v. Chase Manhattan Bank*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004) (citing Restatement (Second) of Torts § 281 (1965)).

An innkeeper owes its guests a "duty to take reasonable action to protect them against unreasonable risk of physical harm." *Manahan v. NWA*, 821 F. Supp. 1105, 1108 (D.V.I. 1991) (citing Restatement (Second) of Torts § 314A), *aff'd*, 995 F.2d 218 (3d Cir. 1993). An innkeeper "is not bound to anticipate and guard against the unusual or abnormal or against something which reasonable care, skill, or foresight could not have discovered or prevented." *Id*.

Blyth, in his individual capacity, does not owe the duty imposed by section 314A to the Plaintiffs because he is not an

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 6

innkeeper.  The Plaintiffs do not cite any case in which the manager of a hotel was found liable as an innkeeper under section 314A.[1]  Likewise, the Court cannot find any case that imposes liability on a manager of a hotel under section 314A.

The party that is traditionally held liable as an innkeeper is the owner or management company running the hotel. *See generally Fabend v. Rosewood Hotels & Resorts, L.L.C.*, 381 F.3d 152 (3d Cir. 2004) (applying an "innkeeper" analysis to a management company that operated hotel on United States Park land); *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037 (D. Kan. 2004) (holding Starwood Hotels & Resorts Worldwide, the owner and manager of the hotel, liable under section 314A).

Because Blyth was neither the management company running the hotel nor the owner of the hotel, he does not owe an innkeeper's duty of care to the Plaintiffs.  Accordingly, the Court will grant Blyth's motion for summary judgment on Count II.

**B.   Count III: Negligent Hiring and/or Retention**

In Count III, the Plaintiffs allege that Blyth negligently

---

[1]  The only cases the parties cite for imposition of supervisory liability are cases decided under 42 U.S.C. § 1983.  Section 1983 cases are civil actions for the deprivation of civil rights and are analyzed under standards different from those used in negligence, the theory under which this suit is brought.  Those cases therefore do not provide guidance for the Court.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 7

hired and retained Hornby. Because local law does not address negligent hiring or retention, this Court relies on the Restatement for authority. 1 V.I.C. § 4; *see also Bell v. Univ. of the V.I.*, Civ. No. 2000-0062, 2003 U.S. Dist. LEXIS 25380, at *8 (D.V.I. Nov. 19, 2003) (relying on the Restatement (Second) of Torts § 317 in a negligent hiring and retention claim); *Chase v. Virgin Islands Port Auth.*, 3 F. Supp. 2d 641 (D.V.I. 1998)(same).

Section 317 of the Restatement (Second) of Torts provides, in relevant part:

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
>    (a)   the servant
>
>          (i)   is upon the premises in possession of the master . . ., and
>
>    (b)   the master
>
>          (i)   knows or has reason to know that he has the ability to control his servant, and
>
>          (ii)  knows or should know of the necessity and opportunity for exercising such control.

Liability under section 317 is thus predicated upon a "master-servant" relationship. In this case, however, Blyth, the general manager of the Wyndham Sugar Bay, and Hornby, the tortfeasor, did not share a master-servant relationship; rather, they were both servants of WMC.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 8

The Restatement defines a servant as a type of agent "*employed* by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master." Restatement (Second) of Agency § 2(2) (emphasis supplied).

Here, Hornby was employed by WMC, not Blyth. *See, e.g., Hohenleitner v. Quorum Health Res.*, 758 N.E.2d 616, 625 (Mass. 2001) ("To state an obvious truth, no master-servant relationship exists between fellow servants who work for the same master."). Therefore, the Court will grant Blyth's motion for summary judgment on Count III.

## C. Count IV: Negligent Supervision

In Count IV, the Plaintiffs allege that Blyth negligently supervised Hornby.

An employer may be held liable for acts committed by its employees if it is negligent

(a) in giving improper or ambiguous orders [or] in failing to make proper regulations; or

(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others;

(c) in the supervision of the activity; or

(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 9

Restatement (Second) of Agency § 213 (1958); *see Ibrahim v. Virgin Islands Water & Power Auth.*, Civ. No. 92-227, 1996 U.S. Dist. LEXIS 22548, at *5, n.2 (D.V.I. June 28, 1996). Moreover, even where an employee acts outside the scope of employment,

> [a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> (a)   the servant
>
>    (i)   is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>
>    (ii) is using a chattel of the master, and
>
> (b)   the master
>
>    (i)   knows or has reason to know that he has the ability to control his servant, and
>
>    (ii) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts § 317; *see also Chase v. Virgin Islands Port Auth.*, 3 F. Supp. 2d 641, n.1 (D.V.I. 1998) (expressly adopting the Restatement for Virgin Islands causes of action regarding negligent hiring/retention).

As discussed above, in order to impose liability, section 317 of the Restatement (Second) of Torts requires a master-servant relationship between the actor and the party whose conduct is to be controlled. Because Blyth was not Hornby's

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 10

master, the Court will grant the motion for summary judgment on Count IV.

**D.  Count V: Fraud**

Count V alleges that Blyth committed fraud.  The Plaintiffs allege two theories under which Blyth allegedly committed fraud: fraudulent concealment and fraudulent misrepresentation.

**1.  Fraudulent Concealment**

The Plaintiffs argue that Blyth is liable for intentionally failing to disclose material facts about its Kids Klub. Specifically, they argue that Blyth did not disclose that Hornby, the Kids Klub coordinator, was not well supervised or well trained.

A defendant may be liable for the "fraudulent nondisclosure of a fact that is [its] duty to disclose" if that failure to disclose causes physical harm. Restatement (Second) of Torts § 557A.  Under the Restatement, to be held liable, the plaintiff and defendant must enter into a "relation of trust and confidence." *Id*. at § 551.  The type of relationship between a babysitter and his charge is not the type of relationship contemplated by section 551 of the Restatement (Second) Torts. Comment e to section 551 gives examples of the types of relationships contemplated by the section, including "a bank and an investing depositor, and those of physician and patient, attorney and client, priest and parishioner, partners, tenants in

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 11

common and guardian and ward." Blyth did not have this sort of relationship with the Plaintiffs.

Accordingly, the Court finds no support in the law for the Plaintiffs' fraudulent concealment claim against Blyth, and will grant summary judgment for Blyth on that claim.

**2. Fraudulent Misrepresentation**

To support a fraudulent misrepresentation claim, the plaintiff must present evidence that (1) defendant made a false misrepresentation of material fact; (2) defendant intended that its false representation be acted upon; (3) plaintiffs reasonably relied on the false representation; and (4) plaintiffs experienced harm as a result of this reliance. *See Government Guar. Fund of Finland v. Hyatt Corp.*, 955 F. Supp 441, 461 (D.V.I. 1997).

Here, the Plaintiffs point to no misrepresentations by Blyth. Therefore, Blyth cannot be held liable for fraud because he made no false misrepresentation of material fact. *See*, *e.g.*, Government *Guar. Fund of Finland*, 955 F. Supp at 461. The Court will therefore grant Blyth's motion for summary judgment on Count V.

**E. Count VI: Constructive Fraud**

Count VI alleges that Blyth constructively defrauded the Plaintiffs. No Virgin Islands court has recognized a claim for constructive fraud. Likewise, the Third Circuit has not

recognized a claim for constructive fraud. Contrary to the Plaintiffs' assertions, this Court has merely noted the existence of a claim for constructive fraud, and even then, only disapprovingly. *See Lindquist v. Donovan*, 160 F. Supp. 766, 768 (D.V.I. 1958) ("And even in those states holding that an unrecorded conditional sales agreement is constructive fraud on the vendee's creditors, this rule obtains only where the vendee is in possession of the chattel."). The Restatement also does not recognize a cause of action for constructive fraud. The Court therefore will grant Blyth's motion for summary judgment on Count VI.

**F.   Count VIII: Infliction of Emotional Distress**

Count VIII alleges that Blyth both intentionally and negligently inflicted emotional distress on S.G. and her parents.

**1.   Intentional Infliction of Emotional Distress**

Section 46 of the Restatement (Second) of Torts provides:

(1)   One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2)   Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

   (a)   to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 13

>   (b)  to any other person who is present at the time, if such distress results in bodily harm.

*See also Eddy v. V.I. Water & Power Auth.*, 369 F.3d 227 (3d Cir. 2004) (noting that the Virgin Islands employs section 46 of the Restatement in cases regarding intentional infliction of emotional distress). Section 46(2) of the Restatement includes the caveat that "the institute expresses no opinion as to whether there may not be other circumstances under which the [defendant] may be subject to liability . . . ." Restatement (Second) of Torts § 46(2). "The Caveat was intended . . . to leave open the possibility of situations in which presence at the time may not be required." *Id.* § 46 cmt. l. When the Restatement does not express a definitive legal opinion, the Court should look to the common law of the United States. 1 V.I.C. § 4.

The prevailing common-law view is that absent family members may not recover for severe emotional distress caused by child sexual abuse. *See, e.g., Anthony H. v. John G.*, 612 N.E.2d 663, 665 (Mass. 1993) (barring recovery for intentional infliction of emotional distress in a sexual abuse case where family members were not present during misconduct directed at another family member); *H.L.O. v. Hossle*, 381 N.W.2d 641 (Iowa 1986) (finding that the lower court properly granted summary judgment on an intentional infliction of emotional distress claim because the parents were not present at the time of defendant's alleged

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 14

sexual abuse of their children); 54 A.L.R. 93 ("the courts have generally adopted the view set forth in the Restatement, Torts 2d § 46(2)(a) which limits recovery for the intentional infliction of severe emotional distress to those who actually witness outrageous conduct directed at an immediate family member."); *but see R.D. v. G.D.*, 875 P.2d 26, 33-35 (Wyo. 1994) (sustaining family member's intentional infliction of emotional distress claim even though not actually present when assault occurred).

Moreover, the Third Circuit has indicated that in the Virgin Islands, a person must be a bystander in order to recover for intentional infliction of emotional distress. In *Abdallah v. Callender*, 1 F.3d 141 (3d Cir. 1993), the Third Circuit considered a Virgin Islands case in which both a mother and a father asserted a cause of action of intentional infliction of emotional distress against a hospital for the still-born birth of their son. The Third Circuit held that "a father should have his own claim if he experiences that distress, provided he stands in an intimate family relationship to the mother and the fetus, *contemporaneously observes* the malpractice and the effect on the mother, and is shocked by the results." *Id*. at 148 (emphasis supplied).

For the foregoing reasons, the Court concludes that in the Virgin Islands a person must be present in order to recover for intentional infliction of emotional distress. Because it is

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 15

undisputed that the Adult Plaintiffs were not present when S.G. was molested, they cannot recover against Hornby. Accordingly, the Court will grant Blyth's motion for summary judgment on Count VIII as it applies to the Adult Plaintiffs.

Comment i to section 46 states that

> [t]he rule stated in this Section applies where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct.

Restatement (Second) of Torts §46 cmt. i. Moreover, the Third Circuit has held that an actor cannot recover for emotional distress when "nothing suggests that [the actor] had an affirmative desire to inflict severe emotional distress on [the plaintiff]." *Eddy*, 369 F.3d at 236.

Here, S.G. cannot show that Blyth had an "affirmative desire" to cause her severe emotional distress. Therefore, the Court will grant the motion on the intentional infliction of emotional distress claims contained in Count VIII.

**2. Negligent Infliction of Emotional Distress**

In the Virgin Islands, there are two required elements of a claim for negligent infliction of emotional distress: (1) physical harm and (2) foreseeability. *See Anderson v. V.I.*, 180 F.R.D. 284, 287 (D.V.I. 1998).

The Adult Plaintiffs have not made the necessary showing of physical harm because they allege only that they suffered "mental anguish and severe emotional distress." (Compl. ¶ 103.) Claims

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 16

of mental anguish and loss of enjoyment of life do not suffice in the Virgin Islands to show physical injury for purposes of negligent infliction of emotional distress. *See Ramos v. St. Croix Alumina*, *L.L.C.*, 277 F. Supp. 2d 600, 604 (D.V.I. 2003) (dismissing a negligent infliction of emotional distress claim when the plaintiff had only alleged "mental anguish, humiliation and loss of enjoyment of life"). Therefore, the Court will grant Blyth's motion on the negligent infliction of emotional distress claims contained in Count VIII as to the Adult Plaintiffs.

Unlike her parents, S.G. has alleged actual physical harm resulting from her sexual molestation, including physical scarring of her genitalia. The next inquiry, under Virgin Islands law, is foreseeablity. The relevant inquiry for the foreseeability element of a negligent infliction of emotional distress claim is whether the person who caused the distress "should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and . . . from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm." *Anderson*, 180 F.R.D. at 287 (citing Restatement (Second) of Torts § 313).

Blyth was the general manager at the Wyndham Sugar Bay. He had no contact with S.G. At most, he had an arm's-length relationship with S.G., just as he arguably did with every guest

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 17

registered at the Wyndham Sugar Bay. There is no competent evidence that Blyth engaged in any conduct that he knew or should have known would cause an unreasonable risk of harm to S.G. Thus, the Court finds that Blyth cannot be liable to S.G. for negligent infliction of emotional distress. The Court will therefore grant Blyth's motion for summary judgment on the negligent infliction of emotional distress claim of S.G. contained in Count VIII.

### IV.   CONCLUSION

For the reasons stated above, the Court finds that there are no genuine issues of material fact in dispute between the Plaintiffs and Blyth. Accordingly, the Court will grant Blyth's motion for summary judgment, and dismiss Blyth from this matter. An appropriate order follows.

**Dated: November 13, 2007**

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**

copy:     Hon. Geoffrey W. Barnard
          Daryl C. Barnes, Esq.
          Douglas C. Beach, Esq.
          James L. Hymes III, Esq.
          Charles S. Russell, Jr., Esq.
          Carol C. Jackson
          Lydia Trotman
          Claudette Donovan
          Olga Schneider
          Gregory Laufer