IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| FLORA NICHOLAS and PAUL GAYTER, in their own right and next of friend of S.G., ) ) ) ) | |
| Plaintiffs, ) ) | Civil No. 2001-147 |
| v. ) ) | |
| WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB and RESORT CORP., and BRYAN HORNBY, ) ) ) ) ) | |
| Defendants. ) _____) | |

ATTORNEYS:

**Daryl C. Barnes, Esq.**
St. Croix, U.S.V.I.
    *For the Plaintiffs.*

**Douglas C. Beach, Esq.**
St. Thomas, U.S.V.I.
    *For the Defendants Wyndham International Inc., Wyndham Management Corp., and Sugar Bay Club and Resort Corp.*

**James L. Hymes III, Esq.**
**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For the Defendant Bryan Hornby.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

The Court has been advised that the parties have settled this matter. While there is no written agreement, the Court will enter a judgment to reflect the agreement of the parties.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Memorandum Opinion culminates almost seven years of meandering litigation stemming from the alleged molestation of a young girl by an employee at a vacation resort.

Defendant Bryan Hornby ("Hornby") was employed as a children's counselor at the Wyndham Sugar Bay Club and Resort (the "Resort") in St. Thomas, U.S. Virgin Islands. Plaintiffs Flora Nicholas and Paul Gayter and their minor daughter, S.G. (together, the "Plaintiffs"), vacationed at the Resort from April 9, 2000, to April 15, 2000. During that vacation, Hornby was in contact with S.G. in his capacity as an employee of the Resort's "Kids Klub." At the conclusion of the vacation, S.G. reported that Hornby had sexually molested her on several occasions. Hornby was later convicted of unlawful sexual contact with S.G. Following Hornby's conviction, the Plaintiffs brought this action against Wyndham International, Inc.; Wyndham Management Corporation; Sugar Bay Club and Resort Corporation; Rik Blyth, the general manager of the Resort (collectively, the "Wyndham Defendants")[1]; and Hornby, alleging that Hornby had sexually molested S.G.

Several years of voluminous discovery gave way to protracted

---

[1] At a hearing on April 26, 2005, the Court granted summary judgment in favor of Rik Blyth ("Blyth"). (*See* Hr'g Tr. 43:18-21, 50: 7-13, Apr. 26, 2005.) Consequently, Blyth is no longer a defendant in this matter. (*See* Order, Nov. 13, 2007.)

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 3

settlement efforts. At a hearing on July 15, 2005 (the "Settlement Hearing"), the parties informed the Court that they had reached a settlement agreement (the "Settlement Agreement" or the "Agreement"), and recited the terms of the Agreement on the record:

> The Court: I understand the parties have been working hard and there's a settlement that has been agreed upon.

(Hr'g Tr. 2:22-23, July 15, 2005.) The Plaintiffs and the Wyndham Defendants answered in the affirmative:

> Plaintiff's
> Counsel: That is right, Your Honor.
>
> The Court: Defense?
>
> Defendant's
> Counsel: That is my understanding as well, Your Honor.

(*Id.* at 2:24-25, 3:1-3.) Thereafter, the Court asked the parties to recite their agreement:

> The Court: Rather than the Court stating what the outlines of the settlement is I will have the parties do that.
> . . . .
> Okay, which party would like to put on the record what their understanding of the settlement is.
>
> Defendant's
> Counsel: It may take both parties to do it; I'll take the first try at doing so.
> Your Honor, it is my understanding that as the Court indicated the parties have reached an agreement for the settlement of any and all claims of any kind or nature that has been raised by any plaintiffs in this case as to all the

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 4

> defendants in the case; that there has been a settlement of those claims against all defendants for the sum of two point one million dollars. That settlement is subject to the approval of the guardian ad litem . . . .
>
> . . . .
>
> . . . . I think it should be payment within 30 days of approval by the guardian ad litem of the settlement.

(*Id.* at 3:22-23, 4:4-16, 10:3-7.)  The parties further stipulated that the Settlement Agreement would be confidential and that documents produced during the course of litigation would be returned. (*Id.* at 5:5-13, 8:19-25, 9:1-3.)  Thereafter, on December 2, 2005, a guardian *ad litem* approved the Agreement.

## II.   DISCUSSION

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005).  "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).  In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do

so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See*, *e.g.*, *Vargo v. Mangus*, 94 Fed. Appx. 941, 943 (3d Cir. 2004); *New York State Electric & Gas Corp. v. Federal Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001). The local law generally applicable to contracts in the Virgin Islands is the Restatement (Second) of Contracts. *Ventura v. Pearson*, Civ. No. 60-1980, 1980 V.I. LEXIS 88, at *111 n.2 (Terr. Ct. July 31, 1980) (citing 1 V.I.C. § 4).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); Restatement (Second) of Contracts § 17 (1981). "Consideration" requires a performance or a return promise that has been bargained for. Restatement (Second) of Contracts § 17. Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, Civ. No. 885-1989, 1990 V.I. LEXIS 22, at *4 (Terr. Ct. Oct. 30, 1990).

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 6

### III.  ANALYSIS

**A.   The Effect of the Parties' July 15, 2005 Recitations**

The Wyndham Defendants assert that no settlement was recited at the July 15, 2005 Settlement Hearing because no agreement had been reached. The Wyndham Defendants further assert that should the Court award prejudgment interest, such an award would be inappropriate.

At the Settlement Hearing, the parties were represented by counsel. Counsel for both parties had actual authority to enter into the Agreement on behalf of their clients. Consequently, the parties are bound by their counsels' representations with respect to the Agreement. *See*, *e.g.*, *Sheet Workers Int'l Ass'n Local 27 Annuity, Health & Welfare, Vacation, Educ. & Unemployment Funds v. New Brunswick Gen. Sheet Metal Works*, 67 Fed. Appx. 159, 160 (3d Cir. 2003) (finding "sufficient evidence of . . . authority to sustain" the district court's finding that the parties' attorneys had entered into a binding settlement agreement on behalf of their clients) (applying New Jersey law).

The record clearly reflects that the Wyndham Defendants agreed to pay a sum certain to the Plaintiffs in exchange for the Plaintiffs' agreement to settle all claims in this matter against the Wyndham Defendants. The parties' own recitation on the record of the essential terms of the Settlement Agreement evidences the parties' meeting of the minds and mutual assent to

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 7

those terms. *See*, *e.g.*, *Sheet Workers Int'l Ass'n Local 27 Annuity, Health & Welfare, Vacation, Educ. & Unemployment Funds*, 67 Fed. Appx. at 160 (finding that "the terms of agreement entered into the record constituted a 'meeting of the minds' as to essential terms of settlement"); *see also Tracy v. Kimberly-Clark Corp.*, 74 Fed. Appx. 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) ("To be enforceable, a settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and quotation omitted).

Moreover, the terms the parties recited establish that the Agreement was supported by consideration on both sides. *See*, *e.g.*, *Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, Civ. No. 04-4390, 2006 U.S. Dist. LEXIS 87518, at *7 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500.").

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 8

Despite the clarity of the record as to the essential terms of the Settlement Agreement, the Wyndham Defendants argue that there was no meeting of the minds because the parties debated the scope of the release after the Settlement Hearing. The Wyndham Defendants further argue that the release is an essential term of the Settlement Agreement. Finally, the Wyndham Defendants urge that they are entitled to an evidentiary hearing to determine whether a binding settlement was reached at the Settlement Hearing. Each of these arguments is unavailing.

First, the Wyndham Defendants' argument that there was never a meeting of the minds with respect to the scope of the release is belied by the record. At the Settlement Hearing, counsel for the Wyndham Defendants clearly articulated the scope of the release, indicating to the Court that

> the parties have reached an agreement for the settlement of *any and all claims* of any kind or nature that has been raised by any plaintiffs *in this case* as to all the defendant *in the case;* that there has been a settlement of those claims against all defendant for the sum of two point one million dollars.

(Hr'g Tr. 4:9-14, July 15, 2005.) (emphasis supplied).

Courts have held that parties are bound by their on-the-record recitations of a settlement agreement, despite subsequent disputes. *See*, *e.g.*, *United States v. Sforza*, 326 F.3d 107, 115-16 (2d Cir. 2003) (affirming the district court's enforcement of the parties' on-the-record settlement agreement despite the

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 9

defendants' contention that they "they never agreed to settle without a full release from all possible civil or criminal liability"); *Wilson v. Wilson*, 46 F.3d 660, 666-67 (7th Cir. 1995) (affirming the district court's enforcement of an on-the-record settlement agreement despite the defendants' contention that "even if there was a meeting of the minds, the fact that the parties never agreed on the legal forms of the releases renders this agreement too indefinite to be enforceable"); *Bridges v. Arch Aluminum & Glass Co.*, Civ. No. 05-2374, 2007 U.S. Dist. LEXIS 1726 (D. Kan. Jan. 9, 2007) (binding the parties to the terms of a settlement recited at a settlement conference and rejecting additional terms the defendants added after that conference); *Trian Group, Ltd. P'ship v. Accident & Cas. Ins. Co.*, Civ. No. 98-1026, 2006 U.S. Dist. LEXIS 42931, at *10 (D.N.J. June 26, 2006) (enforcing a settlement agreement where "[t]he record shows that the parties agreed to a release of known claims against Defendant, not both known and anticipated claims"); *McGinley v. Medina*, Civ. No. 94-2070, 1995 U.S. Dist. LEXIS 8355 (E.D. Pa. June 15, 1995) (finding an enforceable settlement in correspondence exchanged during settlement negotiations), *aff'd* No. 95-1585, 1996 U.S. App. LEXIS (3d Cir. May 9, 1996).

Similarly, the Wyndham Defendants' argument that the release is an essential term that makes enforcement of the Settlement

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 10

Agreement inappropriate, is likewise unconvincing. Even assuming the scope of the release is disputed, courts have held that release clauses are not necessarily essential terms of settlement agreements. Consequently, courts routinely enforce settlement agreements even where the precise wording of a release has not been finalized. *See*, *e.g.*, *Sheng v. Starkey Lab.*, 117 F.3d 1081, 1083 (8th Cir. 1997) (upholding an oral settlement agreement that did not include specific language regarding tax treatment of the settlement sum, confidentiality, and release of liability, when the essential terms had been finalized by the parties); *Good v. Pennsylvania R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967) ("The tender of a release did not reopen the agreement or make its execution a condition to the settlement itself."); *Allapattah Servs. v. Exxon Corp.*, Civ. Nos. 91-0986 and 05-21338, 2007 U.S. Dist. LEXIS 71379, at *18 (S.D. Fla. Sept. 26, 2007) ("The release is not an essential term of the [settlement] agreement as it merely reflects the binding and conclusive effect of the agreement in the claims process.") (applying Florida law); *McDonnell v. Engine Distribs.*, Civ. No. 03-1999, 2007 U.S. Dist. LEXIS 70925, at *24 (D.N.J. Sept. 24, 2007) (finding that [t]he disputed terms - concerning the scope of the release, ensuring payment, tax treatment, indemnification, and the scope of confidentiality - all speak to the settlement's implementation. They are not, however, essentials of the settlement") (applying

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 11

New Jersey law); *Thomas v. Delta Family-Care Disability & Survivorship Plan*, Civ. No. 05-74900, 2007 U.S. Dist. LEXIS 44929, at *3 (E.D. Mich. June 21, 2007) ("The only 'essential term' in the present case is the amount defendant was to pay, as the release is a standard term of all settlement agreements . . . .") (applying Michigan law).

   Finally, the Wyndham Defendants' contention that they are entitled to an evidentiary hearing finds little support in the case law.  When a court is satisfied that a valid settlement agreement has been reached in a matter pending before it, a district court may enter judgment based on the agreement in a summary fashion, without conducting a hearing on the settlement.  *See Young v. F.D.I.C.*, 103 F.3d 1180, 1194-95 (4th Cir. 1997).  Because there are no material facts in dispute with respect to the essential terms of the Settlement Agreement in this case, the Wyndham Defendants are not entitled to an evidentiary hearing.  *See*, *e.g.*, *Mich. Reg'l Council of Carpenters v. New Century Bancorp, Inc.*, 99 Fed. Appx. 15 (6th Cir. 2004) (holding that the district court was not required to hold an evidentiary hearing before enforcing an oral settlement agreement, where the record showed that all essential terms had been agreed upon and all that remained was to sort out non-material details and put the agreement in writing); *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (noting that a party is entitled to an evidentiary

hearing where "material facts concerning the *existence* or *terms* of an agreement to settle are in dispute") (quoting *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (emphasis in original)).

Based on the parties' recitation at the July 15, 2005 Settlement Hearing, the Court finds that the parties agreed to the following essential terms:

1. The Wyndham Defendants agreed to pay the Plaintiffs $2.1 million.
2. The Plaintiffs agreed to settle all claims against the Wyndham Defendants in this case.
3. The Agreement would be subject to the guardian *ad litem*'s approval.
4. The Wyndham Defendants would deliver the $2.1 million to the Plaintiffs within 30 days of the guardian *ad litem*'s approval.
5. The Settlement Agreement would remain confidential.

**B.     Prejudgment Interest**

The parties dispute whether an award of prejudgment interest is appropriate in this matter.

In the Virgin Islands, an award of prejudgment interest is permitted on "all monies which have become due." V.I. Code Ann. tit. 11, § 951(a)(1). Award is authorized only where the amount due is in money and therefore easily ascertainable. *Antilles Ins. v. James*, Civ. App. No. 1992-27, 1994 U.S. Dist. LEXIS 9623, at

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 13

*48 (D.V.I. July 6, 1994) (citation and quotation omitted). While the date that payment becomes due is often disputed, the court has discretion to award prejudgment interest to avoid injustice. Restatement (Second) of Torts § 913(1)(b).

The amount due in this matter is easily ascertainable from the Settlement Agreement, which obligates the Wyndham Defendants to pay the Plaintiffs $2.1 million within 30 days of approval of the Agreement by the guardian *ad litem*. *See*, *e.g.*, *Antilles Ins.*, 1994 U.S. Dist. LEXIS 9623, at *48; *cf. Remole v. Sullivan*, Civ. No. 554-1980, 1984 V.I. LEXIS 9, at *9-10 (Terr. Ct. June 7, 1984).

The Wyndham Defendants maintain that the equities do not favor the Plaintiffs. In support of this position, the Wyndham Defendants assert that the Plaintiffs unreasonably refused to execute the release as drafted by the Wyndham Defendants after the Settlement Hearing. The Wyndham Defendants further assert that in September, 2005, they deposited $1 million to be held in trust by their counsel, with no interest accruing as of that time.

The Third Circuit has explained the considerations that should guide a district court in exercising its discretion to award prejudgment interest:

> [A]s a general rule, prejudgment interest is to be
> awarded when the amount of the underlying liability is
> reasonably capable of ascertainment and the relief
> granted would otherwise fall short of making the

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 14

> claimant whole because he or she has been denied the use of the money which was legally due. Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation. Thus prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

*Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 208 (3d Cir. 2004) (citation and quotation omitted); *see also Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995) ("To fulfill this make-whole purpose, prejudgment interest should be given in response to considerations of fairness and denied when its exaction would be inequitable.") (internal citation and quotation omitted); *Davis-Richards v. Gov't of the V.I.*, Civ. No. 388-1990, 1996 V.I. LEXIS 1, at *12 (Terr. Ct. Feb. 13, 1996) (reasoning that "where justice requires it, and the equities weigh[] heavily in Plaintiff's favor, the court could exercise its discretion and award pre-judgment interest to Plaintiff"). The Third Circuit has held that prejudgment interest may be awarded in the context of settlement agreements. *See Michael J. Benenson Assocs. v. Orthopedic Network*, 54 Fed. Appx. 33 (3d Cir. 2002) (affirming the district court's award of prejudgment interest by virtue of an enforceable oral settlement agreement).

The equities in this matter weigh heavily in favor of awarding prejudgment interest. The incident alleged in this

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 15

action - the sexual molestation of a minor - took place more than seven years ago. The parties agreed to the terms of the Settlement Agreement more than two years ago. To date, S.G. has received no financial compensation despite that Agreement. Because the Wyndham Defendants did not pay the Plaintiffs as of January 1, 2006 - 30 days after the guardian *ad litem* approved the Agreement - the Wyndham Defendants denied the Plaintiffs use of the $2.1 million that became due to them on that date. *See*, *e.g.*, *Booker*, 64 F.3d at 868 (holding that prejudgment interest "serves to compensate a plaintiff for the loss of the use of money that the plaintiff otherwise would have earned had he not been unjustly discharged").

Furthermore, the dispute between the parties over the scope of the release appears to have sprung from the Wyndham Defendants' desire to define the scope of the release more broadly than they articulated it at the July 15, 2005 Settlement Hearing. Significantly, that desire is not a material impediment to a determination that a settlement was reached on July 15, 2005, which imposes an obligation on the Wyndham Defendants to pay a sum certain. An award of prejudgment interest under these circumstances would prevent the Wyndham Defendants from wrongfully benefitting from the use of the Plaintiffs' money while it prolonged settlement discussions long after the parties had agreed to end this matter. *See*, *e.g.*, *McAdam v. Dean Witter*

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 16

*Reynolds, Inc.*, 896 F.2d 750, 773 (3d Cir. 1990) ("[T]he typical tort situation in which prejudgment interest is appropriate [is where] the defendant wrongfully disputes the plaintiff's entitlement to a sum of money while retaining use of that money for the defendant's own benefit until a judgment is entered and paid.").

The Wyndham Defendants also argue that prejudgment interest may not be awarded in non-contractual tort cases, and that because the Settlement Agreement is too indefinite to form a contract, prejudgment interest is inappropriate even if this matter were deemed contractual. The Wyndham Defendants place great reliance on *Bookworm, Inc. v. Tirado*, Civ. No. 538-1997, 2002 V.I. LEXIS 15 (Terr. Ct. July 1, 2002), for the proposition that prejudgment interest is never available in tort cases. That reliance is misplaced.

In *Bookworm*, the Superior Court of the Virgin Islands[2] held that title 11, section 951 of the Virgin Islands Code "is not a proper mechanism for seeking prejudgment interest arising from a non-contractual tort." *Bookworm, Inc.*, 2002 V.I. LEXIS 15 at *10. However, the Superior Court further found that the language of

---

[2] At the time *Bookworm* was decided, the trial court was known as the Territorial Court of the Virgin Islands. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 17

that section "implicates the relationship among parties who are bound by either an explicit or implicit contract." *Id.* at *11. Here, the Court has already found that the parties have a contractual relationship in the form of the Settlement Agreement. By virtue of that Agreement, a liquidated sum became due to the Plaintiffs. Prejudgment interest may be appropriately awarded under Virgin Islands law for just such an obligation. *See id.* at *14 (finding that because the Virgin Islands prejudgment interest statute "authorizes a legal rate of 9% for contractual obligations, it does not offend the interests of justice to impose an identical rate on liquidated damages in a tort action").

Finally, the Wyndham Defendants contend that prejudgment interest should not be awarded because "the date of the onset of interest has not arrived." (Wyndham Defs.' Points and Authorities Under Seal in Opp'n. to an Award of Pre-Judgment Interest 5.) In support of this contention, the Wyndham Defendants rely on the transcript of the Settlement Hearing, during which the Plaintiffs' counsel stated that "the two point one million will be within 30 days of the execution of the agreement . . . ." (Hr'g Tr. 9:5-7, July 15, 2005.) The Wyndham Defendants also base their argument on the fact that the Court did not approve the Agreement after the guardian *ad litem*'s December 2, 2005 approval. The Wyndham Defendants maintain that this "triggering

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 18

event" has never occurred, and thus that there is no liquidated amount to sustain the award of prejudgment interest. These arguments are also unavailing.

 First, the Court finds the Wyndham Defendants' heavy reliance on the Plaintiffs' verbatim representations at the Settlement Hearing inconsistent with the Wyndham Defendants' reluctance to acknowledge their own explicit representations as to the scope of the release at the same proceeding.[3] Second, the guardian *ad litem* approved the Agreement on December 2, 2005, and recommended that the Court do the same. That approval was the "triggering event." In sum, the Wyndham Defendants reargue matters that the Court has already addressed and rejected.

 Accordingly, the Court will award the Plaintiffs prejudgment interest on the $2.1 million set forth in the Settlement Agreement, from 30 days after the guardian *ad litem*'s approval, until the date of Judgment. Thereafter, interest will accrue at the statutory rate until the date of payment.

 An appropriate judgment follows.

**Dated: November 20, 2007**

            S\_____
             **CURTIS V. GÓMEZ**
              **Chief Judge**

---

  [3] Indeed, on July 15, 2005, counsel for the Defendants clarified that "payment [should be] within 30 days of *approval* by the guardian ad litem of the settlement." (*Id.* at 10:3-5.) (emphasis supplied). Counsel for the Plaintiffs then replied, "That is correct. That's what I meant." (*Id.* at 10:6-7.)

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 19


copy:      Hon. Geoffrey W. Barnard
           Daryl C. Barnes, Esq.
           Douglas C. Beach, Esq.
           James L. Hymes III, Esq.
           Charles S. Russell, Jr., Esq.
           Carol C. Jackson
           Lydia Trotman
           Claudette Donovan
           Olga Schneider
           Gregory F. Laufer