```
                IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS & ST. JOHN
```

FLORA NICHOLAS and PAUL         )
GAYTER, in their own right      )
and next of friend of S.G.,     )
                                )
                Plaintiffs,     )     Civil No. 2001-147
                                )
         v.                     )
                                )
WYNDHAM INTERNATIONAL, INC.,    )
WYNDHAM MANAGEMENT CORP.,       )
SUGAR BAY CLUB and RESORT       )
CORP., and BRYAN HORNBY,        )
                                )
                Defendants.     )
_____)

**ATTORNEYS:**

**Daryl C. Barnes, Esq.**
St. Croix, U.S.V.I.
        *For the Plaintiffs.*

**Douglas C. Beach, Esq.**
St. Thomas, U.S.V.I.
        *For the Defendants Wyndham International Inc., Wyndham*
        *Management Corp., and Sugar Bay Club and Resort Corp.*

**James L. Hymes III, Esq.**
**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
        *For the Defendant Bryan Hornby.*


                          MEMORANDUM OPINION


**GÓMEZ, C.J.**

Before the Court is the motion for reconsideration by defendants Wyndham International, Inc.; Wyndham Management Corporation; and Sugar Bay Club and Resort Corporation (collectively, the "Wyndham Defendants").

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

The now seven-year-old genesis of this matter is the alleged molestation of a young girl by an employee at a vacation resort.

Defendant Bryan Hornby ("Hornby") was employed as a children's counselor at the Wyndham Sugar Bay Club and Resort (the "Resort") in St. Thomas, U.S. Virgin Islands. Plaintiffs Flora Nicholas and Paul Gayter and their minor daughter, S.G. (together, the "Plaintiffs"), vacationed at the Resort from April 9, 2000, to April 15, 2000. During that vacation, Hornby was in contact with S.G. in his capacity as an employee of the Resort's "Kids Klub." At the conclusion of the vacation, S.G. reported that Hornby had sexually molested her on several occasions. Hornby was later convicted of unlawful sexual contact with S.G. Following Hornby's conviction, the Plaintiffs brought this action against the Wyndham Defendants; Rik Blyth, the general manager of the Resort (collectively, the "Wyndham Defendants")[1]; and Hornby, alleging that Hornby had sexually molested S.G.

Several years of voluminous discovery gave way to protracted settlement efforts. At a hearing on July 15, 2005 (the "Settlement Hearing"), the parties informed the Court that they had reached a settlement agreement (the "Settlement Agreement" or

---

[1] At a hearing on April 26, 2005, the Court granted summary judgment in favor of Rik Blyth ("Blyth"). (*See* Hr'g Tr. 43:18-21, 50: 7-13, Apr. 26, 2005.) Consequently, Blyth is no longer a defendant in this matter. (*See* Order, Nov. 13, 2007.)

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 3

the "Agreement"), and recited the terms of the Agreement on the record.

On July 18, 2005, the Magistrate Judge entered an order closing this matter in light of the Agreement (the "July 18, 2005 Order").[2] The parties later failed to execute their Agreement. Consequently, the Plaintiffs moved to restore this matter to the Court's docket. The Court granted the Plaintiffs' motion (the "Order to Restore").[3]

On November 20, 2007, the Court issued a Memorandum Opinion and Judgment to reflect the essential terms of the parties' Settlement Agreement (the "Settlement Judgment").

The Wyndham Defendants now seek reconsideration of the Order to Restore and the Settlement Judgment.

---

[2] The Order provided, in pertinent part:

ORDER CLOSING FILE AND
DENYING ANY PENDING MOTIONS AS MOOT

The Court has been advised by counsel that this action has been settled or is the process of being settled. Therefore, it is not necessary that the action remain on the Court calendar. It is hereby
    ORDERED that this file be CLOSED. The Court retains complete jurisdiction to re-open the action upon cause shown, no later than sixty (60) days from the date of this Order if the settlement has not been completed and further litigation is necessary.

(Order, July 18, 2005.)

[3] (*See* Order, Nov. 16, 2007.)

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 4

## II.  ANALYSIS

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.4, which provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.  Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the court. . . .  A motion to reconsider shall be based on: (1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

Local R. Civ. P. 7.4 (2000).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).  As the *Bostic* court noted, ". . . Local Rule 7.4 affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

With respect to the Order to Restore, the Wyndham Defendants do not explicitly assert an intervening change in controlling law or the availability of new evidence.  To the extent the Wyndham

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 5

Defendants attempt to assert the need to correct clear error or prevent manifest injustice, the Court finds the Wyndham Defendants' arguments unavailing.

The crux of the Wyndham Defendants' argument is that the Court "did not have jurisdiction to enforce settlement in this case." (Wyndham Defs.' Mot. Under Seal for Recons. 12.)  In support of that argument, the Wyndham Defendants assert that the Court could not enforce the Settlement Agreement without issuing an order specifically retaining jurisdiction to enforce the Settlement.  The Wyndham Defendants further argue that because the Plaintiffs did not seek to restore this matter within "the precise sixty-day jurisdictional limit" prescribed by the July 18, 2005 Order, the July 18, 2005 Order "was tantamount to and should be treated as a dismissal." (*Id.* at 13.)  Finally, the Wyndham Defendants assert that even if the July 18, 2005 Order were an administrative closing, rather than a dismissal, "the most that the Court could do was restore the case to the docket." (*Id.* at 14.)  The Wyndham Defendants maintain that the Plaintiffs could properly have sought enforcement of the Settlement Agreement by way of a separate breach-of-contract action.

The Wyndham Defendants have failed to meet their burden for reconsideration because the arguments they now raise are substantially the same as those asserted in their responsive pleading to the Plaintiffs' motion to restore this matter to the

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 6

Court's docket[4].  The Wyndham Defendants thus request reconsideration of the Order to Restore based almost entirely on arguments that the Court has already addressed and rejected. Significantly, those arguments fail to identify any intervening change in the law, new evidence, or clear error, any one of which would warrant reconsideration. *See*, *e.g.*, *Malpere v. Ruyter Bay Land Ptnrs, LLC*, Civ. No. 2003-132, 2005 U.S. Dist. LEXIS 14164, at *5 (D.V.I. June 9, 2005).

With respect to the Settlement Judgment, the Wyndham Defendants similarly do not assert an intervening change in controlling law or the availability of new evidence.  The Wyndham Defendants appear to make three main interrelated arguments in what could be construed as an attempt to assert the need to correct clear error or prevent manifest injustice.  None of those arguments warrant reconsideration.

First, the Wyndham Defendants assert that the parties did not agree to the essential terms of a settlement agreement.  In support of that assertion, the Wyndham Defendants identify two terms that they claim are essential, and thus that preclude a finding that the parties reached a settlement agreement.  The

---

[4]  (*See* Wyndham Defs.' Resp. in Opp'n to Pls.' Mot. to Restore Case to Active Docket and Set a Status Conference, July 21, 2007.)

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 7

first such term is the allocation of the settlement funds.[5] The second such term is the existence of a signed written agreement.[6] Second, the Wyndham Defendants argue that because the parties have not agreed to the essential terms of a settlement agreement, an evidentiary hearing is warranted.

Both of these arguments are unconvincing because the Court has already found that the parties did indeed agree to the essential terms of the Settlement Agreement at the July 15, 2005 Settlement Hearing. The Wyndham Defendants thus again raise arguments that the Court has already addressed and rejected. Consequently, these arguments are improperly asserted in a motion for reconsideration. *See*, *e.g.*, *Peterson v. Hogan*, Civ. No. 05-1829, 2006 U.S. Dist. LEXIS 51252, at *3 (M.D. Pa. July 26,

---

[5]  To support the proposition that this term is "essential," the Wyndham Defendants argue that at the July 15, 2005 Settlement Hearing, "[t]here was no discussion as to how the [settlement funds were] to be allocated or who the payees were." (Wyndham Defs.' Mot. Under Seal for Recons. 3.) Thus, assert the Wyndham Defendants, "there was the substantial probability that there would be competing claims on the same funds." (*Id.*) The Wyndham Defendants further state that "the specific allocation of funds is a material element of any settlement." (*Id.* at 3 n.3.)

[6]  To support the notion that this term is "essential," the Wyndham Defendants argue that at the July 15, 2005 Settlement Hearing, the parties stated the "outlines" of the Agreement on the record. (Wyndham Defs.' Mot. Under Seal for Recons. 4.) The Wyndham Defendants further argue that "[i]t was specifically understood by all the parties that the settlement 'outlines' were contingent upon a written document . . . ." (*Id.*) The Wyndham Defendants attempt to support this argument by invoking references by the parties and the Court at the Settlement Hearing to the eventual drafting and execution of the Agreement.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 8

2006) (denying a motion for reconsideration where the plaintiff merely attempted to reargue the merits of his case that the court had already addressed in a previous opinion).

Third, the Wyndham Defendants argue that one of Plaintiffs' counsel, Joseph Petrosinelli, Esq. ("Attorney Petrosinelli"), had actual and apparent authority to bind the Plaintiffs to a settlement agreement. The Wyndham Defendants assert that after the July 15, 2005 Settlement Hearing, they negotiated with Attorney Petrosinelli, who "expressed no disagreement with [the] terms" of the written draft agreement submitted by the Wyndham Defendants. (Wyndham Defs.' Mot. Under Seal for Recons. 9.) The Wyndham Defendants further assert that they executed that draft agreement, but that the Plaintiffs failed to do so, "despite Attorney Petrosinelli's promise . . . ." (*Id.* at 10.) The Wyndham Defendants contend that another of Plaintiffs' counsel, Darryl C. Barnes, Esq. ("Attorney Barnes"), later sent a new draft of the settlement to the Wyndham Defendants. The Wyndham Defendants further contend that this new draft "was an entirely different document than what Attorney[] Petrosinelli and all defense counsel had agreed upon . . . ." (*Id.*)[7] Two of the

---

[7] The Wyndham Defendants also state:

In an uncommon breach of candor and professionalism, Attorney Barnes did not even supply . . . a "red-lined" version of this document. Hence, Attorney Barnes purposefully made it more difficult for defense counsel

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 9

changes in the new document, according to the Wyndham Defendants, were the allocation of the settlement funds and the manner in which those funds were to be paid.  The Wyndham Defendants assert that their draft of the agreement required them "to write checks made out jointly to [Attorney Petrosinelli's] law firm and [the Plaintiffs]." (*Id.* at 11.)  The Wyndham Defendants further assert that the draft submitted by Attorney Barnes required them to write checks to the Plaintiffs and Attorney Barnes' law firm.  Thus, the Wyndham Defendants state that they "do not even know to whom the settlement funds are to be paid - or whether they will subject themselves to a new lawsuit in a fee dispute if they pay settlement funds to the law firm of Attorney Barnes as opposed to the law firm of Attorney Petrosinelli." (*Id.* at 11-12.)

     The Court is at pains to discern in the above factual sequence the precise basis on which the Wyndham Defendants seek to meet their burden.  To the extent the Wyndham Defendants assert that manifest injustice would result from the Plaintiffs' having more than one counsel with authority to bind the Plaintiffs to a settlement, that assertion fails for the obvious

---

       to even identify what precise changes the [P]laintiffs had made. . . . [T]he manner in which these significant material changes were presented to defense counsel suggests an attempt to blindside the [Wyndham Defendants] . . . .

(Wyndham Defs.' Mot. Under Seal for Recons. 10-11.)

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 10

reason that there is no prohibition against having more than one counsel with such authority. To the extent the Wyndham Defendants assert that a purported uncertainty about which of two law firms to distribute the settlement funds to could expose the Wyndham Defendants to additional litigation, that assertion is likewise deficient. The Settlement Judgment does not enforce the parties' Settlement Agreement. Rather, the Settlement Judgment reflects that the parties reached a settlement, and imposes a judgment on the essential terms of that settlement as articulated by the parties.

The Wyndham Defendants have failed to meet their burden for reconsideration of the Settlement Judgment because the arguments they now raise fail to identify any intervening change in the law, new evidence, or clear error. *See*, *e.g.*, *Devcon Int'l Corp. v. Reliance Ins. Co.*, Civ. No. 2001-201, 2007 U.S. Dist. LEXIS 84283, at *9-10 (D.V.I. Nov. 9, 2007). As such, the Wyndham Defendants' motion will be denied. An appropriate order follows.

**Dated: December 4, 2007**

                S\_____
                **CURTIS V. GÓMEZ**
                 **Chief Judge**


copy:  Hon. Geoffrey W. Barnard
     Daryl C. Barnes, Esq.
     Douglas C. Beach, Esq.
     James L. Hymes III, Esq.
     Charles S. Russell, Jr., Esq.

*Flora Nicholas, et al., v. Wyndham International Inc., et al.*
Civil No. 2001-147
Memorandum Opinion
Page 11

        Carol C. Jackson
        Lydia Trotman
        Claudette Donovan
        Olga Schneider
        Gregory F. Laufer